# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Glen Cousert<br><br>                  Plaintiff,<br><br>v.<br><br>Geico General Insurance Company, et al.,<br><br>                  Defendants. | Case No. 2:14-cv-00915-JAD-VCF<br><br>**REMAND ORDER** |

Defendant Geico General Insurance Company removed this underinsured/uninsured motorist coverage action to federal court on June 11, 2014. Doc. 1. The removing party has the burden of proving that removal is proper and that this court may properly assert jurisdiction over the parties and the dispute. Because Geico's petition for removal did not provide sufficient facts to justify jurisdiction, I ordered Geico to show cause why this action should not be remanded to the state court. Doc. 11. Geico responded to the show-cause order on July 7, 2014, Doc. 12, and two days later, plaintiff Glen Cousert timely moved to remand this case back to state court. Doc. 13. Geico has filed no opposition to the motion to remand,[1] and its response to the OSC failed to demonstrate that jurisdiction rests in this court. I grant the unopposed motion to remand.

## Discussion

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Courts "strictly construe the removal statute against removal jurisdiction." *Id*. "The 'strong

---

[1] The deadline for Geico's opposition was July 26, 2014. Geico filed no response whatsoever and has not sought to extend its time for response.

presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Remand is proper if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

When "a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996). *See also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (the removing party bears the burden of establishing that the jurisdictional amount is satisfied at the time of removal based on competent facts outside the face of the pleadings). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. 443 F.3d at 689 (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted). Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the case. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co*., 3:12-CV-00438-RCJ, 2013 WL 757621 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700–01 (9th Cir. 2007)). The Eleventh Circuit Court of Appeals has held

that in conducting such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010). This approach is consistent with the holding in *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009), in which the High Court recognized that "[d]etermining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." *Id*. at n. 5.

There is considerable doubt as to Geico's right to remove this case because it appears highly unlikely that Plaintiff can satisfy this court's jurisdictional threshold. Geico has filed no opposition to the motion to remand, and the rules of this court permit me to presume now that Geico consents to remand.[2] But even if I consider Geico's position in its response to the order to show cause, Doc. 12, Geico has not established jurisdiction. Plaintiff asserts that medical damages in this case are just over $10,000 and "even quadrupuling those damages as a punitive measure would still fail to exceed the $75,000 threshold required for removal to Federal Court." Doc. 13 at 4. Plaintiff also notes that he attempted to reach a $25,000 settlement with Geico, which Geico rejected. *Id*. at 2; *see also Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (collecting cases in which courts have recognized that settlement offers are properly consulted to determine a plaintiff's assessment of the value of his case). Thus, it clearly appears that plaintiff values his case far below the federal jurisdictional threshold. In its response to the order to show cause, Geico acknowledges this offer and provides a copy of an earlier letter demand for $27,000, but then simply muses that plaintiff "is free and likely to seek damages well above that amount at trial." Doc. 12 at 4. Geico also suggests that the punitive damages prayer will push this case over the $75,000 threshold, but I agree with Plaintiff's assessment that punitive damages will push this $10,000 case into the $75,000+ range. Based on my judicial, legal and practical experience, and

---

[2] Rule 7-2(d) (". . . The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

3

common sense, I find that federal jurisdictional requirements have not been demonstrated in this case. *Roe*, 613 F.3d at 1061-1062; *Iqbal,* 556 U.S. at 679.

### Order

IT IS THEREFORE ORDERED that this case is remanded back to the Eighth Judicial District Court, Clark County, Nevada, for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: July 31, 2014.

_____
JENNIFER DORSEY
UNITED STATES DISTRICT JUDGE